Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
MELAD YOUSSOFI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELAD YOUSSOFI<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 through 20<br><br>Defendants. | Case No. **'16CV1330 MMA JMA**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff MELAD YOUSSOFI alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff, MELAD YOUSSOFI (hereinafter referred to as "Plaintiff"), brings this lawsuit against WELLS FARGO BANK, NATIONAL ASSOCIATION (hereinafter referred to as "Defendant") for violations of the Telephone Consumer Protection Act ("TCPA") and Rosenthal Fair Debt Collections Practice Act

("Rosenthal FDCPA").

## II.
## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a debtor as that term is defined by California Civil Code §1788.2(h) and a "person" as the term is defined under the TCPA.

4. Plaintiff is informed and believes that Defendant is and at all times mentioned herein was a corporation, who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant is a debt collector as defined under California law.

6. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

7. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner

of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

8.  This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).  This court also has jurisdiction under 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

9.  This action arises out of Defendants' violations of the TCPA, and Rosenthal FDCPA.  Because Defendants do business within the State of California, county of San Diego, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

11.  Upon information and belief, Defendant is generally engaged in the debt collection business and conducts debt collection activities on a nationwide basis.

12.  Sometime in or before February 2016, Defendant began making collection calls to Plaintiff's cellular telephone.

13.  Defendant placed calls to Plaintiff's cellular telephone at phone number ending in "7702."

14. On or about February 11, 2016 at around 8:53 a.m. Pacific Standard Time, Defendant called Plaintiff's cellular telephone. Plaintiff heard a prolonged silence and delay and click upon answering Defendant's telephone call. After Plaintiff answer the call, he spoke with a female representative who identified herself as "Liz". In the course of the telephone phone call, Plaintiff requested that Defendant ceases placing collections calls to his cellular phone.

15. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant in the course of the call on or about February 11, 2016

16. Despite Plaintiff's request for Defendant to cease calling his cellular telephone, Defendant continued to place numerous collection calls to Plaintiff's cellular telephone at phone number ending in "7702" via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

17. Defendant placed calls to Plaintiff's cellular telephone using the telephone numbers (503) 207-2810, (866) 941-6752, (800) 642-4720, (800) 390-0533, (877) 453-2904, (877) 600-3455, (800) 842-3603, and Unknown / Blocked numbers.

18. Per its business practices, each of Defendant's calls were placed using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and/or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

19.     At no time after February 11, 2016, did Plaintiff consent, express or implied, to receive such collection calls from Defendant.

20.     Upon information and belief, the ATDS used by Defendant to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21.     Upon information and believe, Defendant placed approximately 40 or more telephone calls to Plaintiff's cellular phone via an ATDS or with an artificial or prerecorded voice after he had revoked his consent.

22.     Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

23.     Defendant's telephone calls to Plaintiff's cellular telephone caused Plaintiff stress, annoyance, and anxiety, especially because these calls were placed on his cellular telephone while Plaintiff was studying for his mid-term and final exams at the University of San Diego. Upon information and believe, Defendant went as far as calling Plaintiff during his final exam.

24.     By repeatedly calling his cellular telephone, after he told Defendant not to, Defendant invaded Plaintiff's right to privacy.

## V.
## FIRST CAUSE OF ACTION
**(Negligent Violations of the TCPA against all Defendants)**

25.     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

26. The forgoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

27. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

28. As a result of Defendants' negligent violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

29. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VI.
## SECOND CAUSE OF ACTION
**(Knowing and/or Willful Violations of the TCPA against all Defendants)**

30. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

31. The forgoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

32. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including

but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

33. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

34. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VII.
## THIRD CAUSE OF ACTION
**(Violation of the Rosenthal FDCPA against all Defendants)**

35. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

36. Civil Code section 1788.17 incorporates the Federal Debt Collection Practices Act ("FDCPA"). As such, any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA.

**COUNT 1**

37. Defendant violated Civil Code section 1788.17 of the Rosenthal FDCPA by violating 15 U.S.C. section 1692d(6) when a Defendant's representative called Plaintiff on April 11, 2016 and left a voicemail without identifying himself.

**COUNT 2**

38. Defendant violated the Rosenthal FDCPA by violating California Civil

Code section 1788.11(b) when a Defendant's representative called Plaintiff on April 11, 2016 and left a voicemail without identifying himself.

**COUNT 3**

39. Defendant violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(d) because it repeatedly and/or continuously contacted Plaintiff in an attempt to collect a debt.

**COUNT 4**

40. Defendant violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(e) because it communicated with Plaintiff by telephone with such frequency as to be unreasonable and to constitute harassment.

41. As a result of each and every violation of the Rosenthal FDCPA as indicated in Counts 1 through 4, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

42. As a result of each and every violation of the Rosenthal FDCPA, as indicated in Counts 1 through 4, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to

California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For injunctive relief prohibiting such conduct in the future;

4. For interest according to law;

5. For attorneys' fees under the Rosenthal FDCPA;

6. For costs of suit herein incurred; and

7. For other and further relief as the court may deem proper.

DATED: June 2, 2016    **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
MELAD YOUSSOFI