# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELAD YOUSSOFI,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>        Defendant. | Case No.: 16cv1330-MMA (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 17] |

On October 24, 2016, the Court compelled arbitration of Plaintiff Melad Youssofi's consumer protection claims against Defendant Wells Fargo Bank, and dismissed this action without prejudice. *See* Doc. No. 15. Plaintiff now moves the Court to reconsider its order and judgment of dismissal. *See* Doc. No. 17. Plaintiff argues that the Court committed clear error by failing to determine whether Plaintiff knowingly and voluntarily waived his rights under the First Amendment's Petition Clause when entering into a credit card agreement with Wells Fargo. *See* Doc. No. 17. Wells Fargo filed an opposition to the motion, to which Plaintiff replied. *See* Doc. Nos. 18, 19. The Court took the motion under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 20. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for reconsideration.

# DISCUSSION

## 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a judgment by motion. Fed. R. Civ. P. 59(e). A Rule 59(e) motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988). Rule 59(e) provides an extraordinary remedy and, in the interest of finality and conservation of judicial resources, such a motion should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486-87 (2008).

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## 2. Analysis

Plaintiff argues that it was clear error to compel arbitration of his claims because he did not knowingly and voluntarily waive his First Amendment right to litigate those claims when he entered into a credit card agreement with Wells Fargo.

The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. "The right to petition is cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression." *McDonald v. Smith*, 472 U.S. 479, 482 (1985).

"[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011).

Plaintiff contends that he did not knowingly and voluntarily waive his First Amendment right to sue in federal court. However, Plaintiff signed the credit card application and agreement in the presence of a Wells Fargo banker. The terms of the application and agreement were set forth in the space immediately above the signature line. *See* Doc. No. 7-2. Those terms clearly state that by signing the document, Plaintiff agreed to arbitration:

> You agree to be bound by the terms and conditions of the Customer Agreement and Disclosure Statement, which will be sent to you and understand that the terms of your account may be changed at any time, subject to applicable law. **You hereby stipulate to the terms of the arbitration program** described in the Customer Agreement and Disclosure Statement.

*Id*. at 1 (emphasis added). Plaintiff could only have been ignorant of the arbitration stipulation if he did not read these terms prior to signing the application and agreement. However, in California, "[a]s a general rule, a party cannot avoid the terms of a contract by failing to read them before signing." *Knutson v. Sirius XM Radio Inc*., 771 F.3d 559, 567 (9th Cir. 2014) (citing *Marin Storage & Trucking v. Benco Contracting & Eng'g, Inc*., 89 Cal. App. 4th 1042, 1049 (2001)); *Pinnacle Museum Tower Ass'n. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012) ("A party's acceptance of an agreement to arbitrate may be express, as where a party signs the agreement," and "[a]n arbitration clause within a contract may be binding on a party even if the party never actually read the clause.").

In opposition to Wells Fargo's motion to compel, Plaintiff asserted that the Wells Fargo banker never specifically advised him that his claims would be subject to arbitration, and that "he had no idea what arbitration was until his attorney explained it" to him. *See* Doc. No. 9-1 ¶¶ 5, 9. However, Wells Fargo was "under no obligation to highlight the arbitration clause of its contract, nor [was] it required to specifically call

that clause to [plaintiff's] attention." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 914 (2015). Furthermore, Plaintiff's unfamiliarity with the concept of arbitration does not vitiate his consent in the absence of fraud or coercion. "[T]he general rule of law in California is that when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provision is contrary to his intentions or understanding." *Dobler v. Story*, 268 F.2d 274, 277 (9th Cir. 1959).

Finally, Plaintiff previously complained that the credit card application and agreement did not expressly provide for a waiver of his First Amendment right to petition the courts. Such a waiver is implicit in the arbitration provision. Regardless, in this case it was a limited waiver at most. Plaintiff retained the right to pursue his claims in small claims court. "The right to access to the courts . . . includes the right of access to small claims courts." *City and County of San Francisco v. Small Claims Court*, 141 Cal. App. 3d 470, 477 (1983).

In sum, Plaintiff entered into a valid contract with Wells Fargo when he signed the credit card application and agreement. Plaintiff consented to the terms of that contract, including the arbitration program, as set forth in plain language less than two inches above the signature line. Plaintiff's failure to read or understand those terms does not render the waiver of his First Amendment rights, if any, unknowing or involuntary. As such, Plaintiff must arbitrate his claims against Wells Fargo.

## CONCLUSION

Having reviewed its previous ruling, the Court is satisfied that it committed no error in compelling the parties to arbitrate Plaintiff's claims. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

DATE: December 21, 2016

_____
HON. MICHAEL M. ANELLO
United States District Judge